Filed 12/13/13  In re Joshua S. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re JOSHUA S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F067114 |
| Plaintiff and Respondent, | (Super. Ct. No. JJD064843) |
| v. | |
| JOSHUA S., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Gallo, Judge.

Robert McLaughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Peña, J., and Oakley, J.†

†     Judge of the Superior Court of Madera County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Appellant, Joshua S., admitted allegations in two separate petitions charging him with second degree burglary (Pen. Code, §§ 459; 460, subd. (b)),[1] resisting arrest (§ 148, subd. (a)(1)), and petty theft (§ 484, subd. (a)) and was committed to the Tulare County Youth Facility for 365 days after he violated a grant of probation. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On June 19, 2010, at approximately 12:35 a.m., police officers responding to a break-in of a shed belonging to the First Assembly of God Church in Porterville observed then 14-year-old Joshua and two other males running from behind a building. The officers yelled for the males to stop but they continued running and eventually were detained. The three males were carrying boxes that were consistent with boxes of potato chips located inside the shed that was burglarized. Although the shed had a broken window, during postarrest interviews all three males claimed that they entered the shed through an open door.

On July 15, 2010, the district attorney filed a petition charging Joshua with second degree burglary (count 1), petty theft (count 2), and resisting arrest (count 3).

On February 1, 2011, Joshua stole three packages of peanuts worth $1.50 from a Rite Aid store in Porterville.

On February 9, 2011, Joshua admitted counts 1 and 3 of the July 15, 2010, petition, contingent upon receiving deferred entry of judgment (DEJ), and count 2 was dismissed. Additionally, the prosecutor agreed to reduce count 1 to a misdemeanor if Joshua was found unsuitable for DEJ.

On February 16, 2011, the district attorney filed a petition charging Joshua with petty theft.

---

[1] Unless otherwise indicated all further statutory references are to the Penal Code.

On March 9, 2011, the court issued an arrest warrant for Joshua after he failed to appear for a DEJ hearing.

On June 2, 2011, Joshua admitted the petty theft offense alleged in the February 16, 2011, petition and the court granted him DEJ with respect to both petitions. The court also declared Joshua's second degree burglary offense to be a felony.

On March 28, 2012, after Joshua failed to appear for a DEJ hearing, the court terminated him from the program and issued a bench warrant.

On October 31, 2012, the court declared Joshua a ward of the court, placed him on probation, and ordered him to serve a commitment of 90 to 180 days at the Tulare County Youth Treatment Center Unit.

On November 26, 2012, the court modified Joshua's program and released him to the Aftercare program.

On December 17, 2012, the probation department filed a Notice of Violation of Probation alleging that Joshua violated his probation by failing to report to probation, failing to enroll in substance abuse counseling, and absconding on two occasions when he was contacted by probation.

On January 23, 2013, the court issued an arrest warrant for Joshua after he failed to attend a compliance review hearing.

On March 26, 2013, Joshua admitted violating his probation as alleged by the probation officer.

On April 10, 2013, the court set Joshua's maximum term of confinement at three years six months and it committed him to the Tulare County Youth Facility for a period of 365 days.

Joshua's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the

record.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Joshua has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.